# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 05-6015 ND

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Alvina Hollingsworth, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Alvina Hollingsworth, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor -Appellant, | * | District of North Dakota |
| | * | |
| v. | * | |
| | * | |
| Kip M. Kaler, | * | |
| | * | |
| Trustee - Appelee. | * | |

---

Submitted: September 15, 2005
Filed: October 3, 2005

---

Before KRESSEL, Chief Judge, SCHERMER and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtor Alvina Hollingsworth ("Debtor") appeals the bankruptcy court[1] order allowing the payment of two late-filed claims. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether creditor First Community Credit Union ("Creditor") should have received distribution from the Debtor's bankruptcy estate on account of its late-filed claims. We conclude that the Creditor was entitled to distribution on account of its claims pursuant to 11 U.S.C. § 726(a)(3).

## BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2003. Kip M. Kaler ("Trustee") was appointed Trustee of the Debtor's bankruptcy estate. The Trustee learned that the Debtor's bankruptcy estate was entitled to a distribution from the probate estate of the Debtor's brother which would in turn fund a distribution to the Debtor's creditors. Therefore, at the Trustee's request, the bankruptcy court gave notice to creditors of the Debtor's bankruptcy estate to file proofs of claim no later than March 9, 2004.

On November 6, 2004, the Trustee received $75,000 on behalf of the Debtor's bankruptcy estate from the Debtor's brother's probate estate.

On November 12, 2004, the Creditor filed two proofs of claim asserting general unsecured claims.

---

[1]The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

2

The Trustee filed his Final Report setting forth his intent to pay all claims in full, including the Creditor's late-filed claims, and delivering surplus funds of $6,359.60 to the Debtor. The Debtor objected to the proposed Final Report, arguing, *inter alia*, that the Creditor should not receive any distribution on account of its claims because it had filed the proofs of claim late and it had written off the debts. The bankruptcy court overruled the Debtor's objection and approved the Trustee's Final Report. The Debtor appeals the order approving the Trustee's Final Report.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's conclusions of law *de novo*. *Apex Oil Co., Inc. v. Sparks (In re Apex Oil Co., Inc.)*, 406 F.3d 538, 541 (8th Cir. 2005); *Stoebner v. Wick (In re Wick)*, 276 F.3d 412, 415 (8th Cir. 2002).

## DISCUSSION

A creditor may file a proof of claim against the bankruptcy estate of a debtor. 11 U.S.C. § 501(a). A claim for which a proof of claim is filed is deemed allowed unless a party in interest objects to the allowance of such claim. 11 U.S.C. § 502(a). An objection to the allowance of a claim must be in writing and must be filed with the bankruptcy court. Fed. R. Bankr. P. 3007. A copy of the objection and a notice of hearing thereon must be mailed to the creditor who filed the proof of claim, the debtor, and the trustee at least thirty days prior to the hearing. *Id*.

In the instant case, the Creditor filed two proofs of claim. There is no evidence that any party in interest filed an objection to either proof of claim. Rather, the only evidence that the Debtor disputes the Creditor's claims is the argument she raised in

3

her objection to the Trustee's Final Report and in her brief on appeal.[2]   Accordingly, the Creditor's claims are allowed claims pursuant to 11 U.S.C. §§ 501(a) and 502(a).

Generally, a deadline exists for filing proofs of claim.  Fed. R. Bankr. P. 3002-3005.  Under Chapter 7, if at the outset of a case it appears as if the bankruptcy estate will have insufficient assets to pay a dividend to creditors, creditors are notified of such fact, are advised that it is unnecessary to file a proof of claim at that time, and are informed that if assets become available for payment of a dividend a further notice will be given regarding the filing of proofs of claim.  Fed. R. Bankr. P. 2002(e).  If the possibility of a dividend arises later in the administration of a case, the trustee may ask the court to issue a notice advising creditors that a dividend is possible and establishing a deadline of ninety days within which creditors may file proofs of claim. Fed. R. Bankr. P. 3002(c)(5).  That is what happened in this case.  After the Trustee learned that the bankruptcy estate would receive the distribution from the Debtor's brother's probate estate, the bankruptcy court established March 9, 2004, as the deadline to file proofs of claim.  The Creditor did not file any proofs of claim until November 12, 2004, more than eight months after the deadline.  The Debtor does not believe the Creditor should receive payment on account of its claims because it did not timely file the proofs of claim.

The Bankruptcy Code does not automatically disallow late claims.  A party in interest may object to a proof of claim which is tardily filed.  11 U.S.C. § 502(b)(9). However, lateness does not invalidate a claim to the extent it is: (1) a priority claim filed in time to participate in a distribution; (2) an unsecured claim held by a creditor who did not have timely notice of the claims bar date and who files the claim in time to participate in a distribution; or (3) an unsecured claim to the extent excess funds

_____

[2]To the extent the Debtor believes the Creditor's claims are invalid, she should have filed an objection to the Creditor's proofs of claim.  By failing to do so, the Debtor waived any objection to the merits of the Creditor's claims.

4

remain after payment of timely filed claims. 11 U.S.C. §§ 502(b)(9) and 726(a)(1)-(3). The net effect of the foregoing is to subordinate the payment of late unsecured nonpriority claims to the payment of nonpriority unsecured claims for which proofs were timely filed. 11 U.S.C. § 726(a)(3).

In the instant case, the Creditor's claims are allowed unsecured claims which are entitled to payment after timely filed unsecured claims are paid in full. 11 U.S.C. §§ 502(a) and 726(a)(3). The Trustee had sufficient funds in the estate to pay all timely filed claims in full and to pay tardily filed claims in full as well. In fact, the estate had sufficient funds to pay all creditors in full and to return excess funds to the Debtor in accordance with 11 U.S.C. § 726(a)(6). The Creditor was entitled to payment of its claims. The Trustee's Final Report properly provided for payment of the Creditor's claims. Accordingly, the order approving the Trustee's Final Report should be affirmed.

## CONCLUSION

The Creditor's late-filed claims were entitled to payment after timely-filed claims were paid in full. The Trustee's Final Report properly provided for payment of the Creditor's claims. The order approving the Final Report is therefore AFFIRMED.

---