**In re Nadejda REILLY, Debtor.**

**William G. Schwab, Appellant**

**v.**

**Nadejda Reilly, Appellee.**

**No. 3:05cv2489.**

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 19, 2006.

---

*MEMORANDUM*

JAMES M. MUNLEY, District Judge.

Before the court for disposition is the bankruptcy appeal of William G. Schwab, which calls upon us to decide whether a bankruptcy trustee must file timely objections in order to challenge a debtor's estimates as to the value of her property. The matter has been fully briefed and is ripe for disposition. For the following reasons, the appeal will be denied.

**Background**

Debtor Nadejda Reilly (hereinafter "appellee") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on April 21, 2005. (Doc. 2–2, Bankruptcy Petition). When a bankruptcy petition is filed, an estate is created made up of "all legal or equitable interest

of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor can list certain property interests as exempt from administration by the trustee. *See* 11 U.S.C. § 522(b). A trustee or any party in interest may file objections to the list of exemptions within thirty (30) days of its filing. Fed. R. Bankr.P. 4003(b). If no objection is filed, then the "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*).

On Schedule B of her bankruptcy petition, the debtor listed her personal property and its value. She included "business equipment" on the list with a value of $10,718.00. (Doc. 2–2, at 6).[1] On Schedule C of the petition, appellee listed the property that she claimed as exempt from the bankruptcy. (Doc. 2–2, at 10). Included among the claimed exempt property was $10,718.00 for the business equipment.[2] The trustee did not file an objection to this exemption.

The trustee claims that an appraisal of the business equipment indicates that it is undervalued by $7,200.00. On August 10, 2005, appellant filed an application to employ an auctioneer and moved to sell the business equipment. The debtor opposed the appellant's filings and took the position that the business equipment was fully exempt and not subject to liquidation.

The Bankruptcy Court held a hearing on October 20, 2005. The Bankruptcy Court determined that the property was fully exempt. The court held that the appellant waived the right to challenge the valuation of the property by failing to object to the debtor's exemptions in the time permitted by Bankruptcy Rule 4003. It is from this

decision that the Bankruptcy Trustee, William G. Schwab, appeals.

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**Standard of review**

■ This court reviews the bankruptcy court's conclusions of law *de novo*. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir.1999).

**Discussion**

■ Appellee asserts that she claimed the equipment at issue as an exemption for its full listed value, and appellant did not file a timely objection to the claimed exemption. Therefore, the equipment is not part of the bankruptcy estate, and the appellant cannot liquidate it to pay creditors. Appellant claims that it did not need to object to the exemption because he is not challenging whether it is a valid exemption or not, he is merely challenging the valuation of the exemption. According to the appellant, it is thus appropriate to liquidate the assets, pay appellee the amount of the exemption and then distribute the remaining money to creditors. .

In support of her position, the appellee cites *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the United States Supreme Court considered the issue of whether the trustee must file a timely objection to contest the validity of an exemption where the debtor had no colorable

---

1. Section 522(*l*) of the Bankruptcy Code provides that a debtor must file a list of property that the debtor claims is exempt from distribution to creditors.

2. A portion of this amount, $1,185.00 was claimed exempt under 11 U.S.C. § 522(d)(6), and the remainder, $8,868.00 was claimed exempt under 11 U.S.C. § 522(d)(5).

basis for claiming the exemption. *Id.* at 639, 112 S.Ct. 1644. In *Taylor,* the debtor listed as exempt property the proceeds of a lawsuit which had not yet been adjudicated. She listed its value as "unknown." *Id.* at 640, 112 S.Ct. 1644. The trustee did not object to the claimed exemption. The lawsuit was eventually settled for $110,000. The bankruptcy trustee then demanded that the money be turned over as property of the bankruptcy estate, *Id.* at 641, 112 S.Ct. 1644. The Supreme Court strictly construed the bankruptcy rules and held that the trustee's failure to make a timely objection rendered the property exempt, and the trustee could not challenge the exemption's validity. *Id.* at 643–44, 112 S.Ct. 1644.

Appellant asserts that the instant case is distinguishable from *Taylor.* *Taylor* dealt with challenging the validity of the exemption. Appellant's position is that he does not challenge whether the property is exempt or not, rather he challenges the valuation of the property. We do not find such a distinction. In *Taylor,* the debtor exempted the full value of her interest in the lawsuit by listing its value as "unknown." The Court explained that "If [the trustee] did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, *see* Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, *see* Rule 4003(b). Having done neither, [he] cannot now seek to deprive [the debtor] ... of the exemption." *Id.* at 644, 112 S.Ct. 1644. Clearly, therefore, valuation was an issue that the Supreme Court addressed

In support of his position, the trustee relies upon *In re Wick,* 276 F.3d 412 (8th Cir.2002). We find *Wick* distinguishable from the instant case. In *Wick,* the debtor listed as an exemption in her Chapter 7 bankruptcy, a stock option. She listed the value of the option as "unknown." *Id.* at 414. After the bankruptcy ended, a state court valued Wick's stock option at $97,200.00. *Id.* The bankruptcy trustee then petitioned to re-open the bankruptcy case and demanded the $97,2000.00 less the value of the maximum exemption she could take, $3,925.00. *Id.*

The Eighth Circuit approached the issue as whether the debtor had intended to exempt the asset in full or in part as she had listed the value as "unknown." *Id.* at 416. The court concluded that the debtor, her counsel and the trustee all understood that the options were only partially exempted. *Id.* In the instant case, the issue is not whether the debtor intended to fully exempt the asset. She clearly did, the estimated value she provides for the equipment is the totally covered by the exemption she sought. Therefore, the *Wick* court's analysis is inapplicable.

Appellee also asserts that their position is supported by *In re Einkorn,* 330 B.R. 570 (E.D.Mich.2005). In *Einkorn,* the debtors listed as an exemption claim in their Chapter 7 bankruptcy for a time share in the amount of $1.00. *Id.* at 571. On Schedule A, however, they listed the value of $1,000.00. Therefore, they listed not the entire asset as exempt, but only $1.00 of their interest in it as exempt. *Id.* The court found it proper for the trustee to sell the timeshare and use the proceeds to satisfy a lien on it and to also satisfy the debtor's claimed exemption. Other cases have also turned on the issue of the debtor's intentions. *See, e.g., Hyman v. Plotkin,* 967 F.2d 1316 (9th Cir.1992).

The instant case is distinguishable. The value listed on Schedule B for the equipment in the instant case is the same as the exemption, totally exempting the property. No question exists regarding whether the plaintiff sought to exempt the full value of the property.

This case is more directly in line with *Taylor*, where the Court determined that the debtor intended to exempt the full value of the property. The present case is also analogous to the situation in *Allen v. Green*, 31 F.3d 1098 (11th Cir.1994). In Allen, the debtor listed as an exemption a personal injury lawsuit. He claimed a $1.00 exemption for the lawsuit. *Id.* at 1098–99. The trustee did not object. After the lawsuit settled for $15,000.00 the debtor moved to have the entire settlement disbursed to her. Relying upon *Taylor*, the court found that because the trustee failed to timely challenge the entire reported value of the lawsuit—$1.00—the debtor was entitled to the entire value, whatever it ultimately turned out to be. *Id.* at 1099.

Likewise, in the instant case, the record indicates that the debtor valued the property at issue at $10,718.00, and she exempted this entire amount. As she exempted the entire value, and the trustee never objected, she is entitled to the entire value, even if the trustee asserts it is worth more than she estimated.[3]

Accordingly, the appellant's bankruptcy appeal will be denied. An appropriate order follows.

### ORDER

**AND NOW,** to wit, this 19th day of September 2006, William G. Schwab's appeal of Chief Bankruptcy Judge John J. Thomas's order of October 20, 2005 is hereby **DENIED.**

---

**3.** We recognize that not all courts have adopted this reasoning. *See, e.g., Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993). We agree, however, with the *Allen* court that the interpretation given to *Taylor* in cases taking the opposite view is not correct. *Allen,* 31 F.3d at 1101.