NOT FOR PUBLICATION

FILED

OCT 31 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.  CC-11-1664-KiNoPa |
| | ) | |
| MICHAEL S. ZUCKERMAN, | ) | Bk. No.  09-22943-DJS |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DENISE HEALY ZUCKERMAN | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| JASON M. RUND, Chapter 7 | ) | |
| Trustee, | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on September 20, 2012
at Pasadena, California

Filed - October 31, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Deborah J. Saltzman, Bankruptcy Judge, Presiding

_____

APPEARANCES:   Appellant, Denise Healy Zuckerman, appeared pro
se.

_____

Before:   KIRSCHER, NOVACK,[2] and PAPPAS, Bankruptcy Judges.

_____

   [1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

   [2] Hon. Charles D. Novack, United States Bankruptcy Judge for
the Northern District of California, sitting by designation.

Appellant, Denise Healy Zuckerman ("Denise"), former wife of debtor Michael Steven Zuckerman ("Michael"), appeals an order from the bankruptcy court disallowing her proof of claim. We DISMISS the appeal as MOOT.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    The dissolution action and adversary proceeding.**

Denise and Michael were married in 1984. Denise filed for divorce in June 2007. On or about March 27, 2009, the parties executed a Marital Termination Agreement ("MTA"), which was incorporated into the final Amended Judgment of Dissolution of Marriage (the "Judgment") entered by the state court in April 2009.[3] In Paragraph 18 of the MTA, both Denise and Michael expressly waived their right to past due or future spousal support. No minor children existed from the marriage for whom child support would be due. Paragraph 3 stated that the MTA was to serve as a "release, relinquishment, quitclaim and surrender by each of the parties of any rights that he or she may have or assert or claim to have in or to any such property, earnings, and income" and that "[a]ll property . . . which the parties severally now hold, or may acquire by virtue or pursuant to this agreement . . . and all property which either of the parties hereto may hereafter acquire, shall be and shall remain the

---

[3] Only a few pages of the MTA were offered in the excerpts of record. However, we found a complete copy of the MTA in the adversary proceeding Trustee filed against Denise in April 2010. See Adv. Pro. 10-1276, dkt. no. 1, Exh. B. The Panel may take judicial notice of documents appearing on the docket in the underlying bankruptcy case and related adversary proceedings. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

- 2 -

separate property and estate of the party so holding or acquiring, free from any claims of the other." Paragraph 9 provided that Denise and Michael waived and released the other from all liability, debt, or obligation of every kind and nature, and that the MTA was intended to settle all rights of the parties. Finally, Paragraph 8 provided that if any community property were to be discovered at a later date, the non-owner party was entitled to an amount equal to: (a) the non-owning party's interest in the property; (b) the full market value of the non-owner party's interest in the property as of the date of the MTA; or (c) the full market value of the non-owner's interest as of the date the non-owner discovered the undisclosed property.

Michael filed a chapter 7[4] bankruptcy case on June 12, 2009. Appellee, chapter 7 trustee Jason M. Rund ("Trustee"), was appointed to administer Michael's case shortly thereafter. On January 29, 2010, Trustee filed an application to employ counsel. Trustee had learned that, as part of the Judgment, Michael had been awarded a vacant lot in Big Bear Lake, California (the "Big Bear Property") and that Denise had failed to transfer her interest in it to Michael per the terms of the Judgment. Because equity existed in the Big Bear Property, Trustee wished to employ counsel to initiate an adversary proceeding against Denise to recover it for the benefit of the estate, as well as to address other administrative matters as needed.

---

[4] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

- 3 -

On February 1, 2010, Trustee filed a Notice of Assets and Possible Dividend, giving creditors until May 7, 2010, to file a proof of claim. An order approving counsel's employment was entered by the bankruptcy court on March 5, 2010, and Trustee filed an adversary proceeding against Denise to recover the Big Bear Property on April 15, 2010.

Meanwhile, on February 11, 2010, Denise, represented by counsel, moved to set aside the Judgment in state court for Michael's alleged breach of the MTA. Specifically, Denise contended that Michael had intentionally concealed the existence of a multitude of personal and real property during the course of their dissolution proceeding and execution of the MTA. Denise further contended that Michael had forged her name to numerous grant deeds. Denise estimated that, in light of the undisclosed property, she was entitled to at least $1,649,750 more than she received in the Judgment, plus $31,411 in attorney's fees. Denise also requested monthly spousal support of $2,073.

In response to Denise's motion to set aside the Judgment, Trustee's counsel sent a letter to Denise's divorce counsel, informing him that the motion was in violation of the automatic stay under § 362(a)(3) because it sought to determine a division of property that was part of the bankruptcy estate. The letter requested that Denise withdraw the motion by March 16, 2010, or Trustee would seek sanctions. Denise's counsel complied and withdrew the motion. Denise never sought relief from the automatic stay to pursue her claim in state court.

In August 2010, Trustee filed a motion for summary judgment in the adversary proceeding against Denise seeking turnover of

- 4 -

the Big Bear Property per the terms of the Judgment. On October 14, 2010, the bankruptcy court entered a memorandum decision and order granting Trustee's motion. The court found that the Big Bear Property was property of the estate and Denise was required to turn it over pursuant to the Judgment, which was final and preclusive. Denise's "cross-motion" for summary judgment was denied for failing to comply with Rule 7056. The court's turnover order was not appealed.

**B.    The claim objection.**

Denise, appearing pro se, filed a proof of claim in Michael's case ("Claim No. 15") on May 3, 2010. In the Official Form 10 ("Form 10"), Denise alleged that she held a claim against Michael for $5,067,682.00, plus damages. Item 2 stated that the basis for Claim No. 15 was "see adversary proceedings coversheet and submission, entire, for basis." In Item 4, Denise asserted that $376,000 of her claim was secured by "real estate," "a motor vehicle," and "other," and that the remaining $4,691,682 portion of the claim was unsecured. In Item 5, Denise asserted that her claim was entitled to priority as a "domestic support obligation" under § 507(a)(1)(A).

Attached to Claim No. 15 were 228 pages of documents, which appear to consist of a complaint against Michael, a request to dismiss Trustee's adversary proceeding against Denise, a copy of the MTA, a copy of Denise's state court motion to set aside the Judgment, various deeds and deeds of trust, various loan applications and promissory notes, bank deposit slips, E-trade receipts, and numerous other documents.

On October 4, 2011, Trustee objected to Claim No. 15 and

moved to disallow it. He contended that Claim No. 15 should be disallowed because it lacked prima facie evidence of validity or amount as per Rule 3001(f). Specifically, Trustee contended: (1) Claim No. 15 was not filed in accordance with Rule 3001(a), (c), or (d) because it provided no basis for the alleged secured claim (such as copies of lien documentation in Denise's favor or proof of perfection), and because it failed to provide the basis for priority under § 507(a)(1)(A) or (a)(1)(B); and (2) Denise offered no facts or evidence to support what appeared to be claims for fraudulent transfers and, in any event, she was barred from raising such claims by the MTA, which forever settled all claims between the parties. Trustee contended that to the extent Denise was seeking relief under Paragraph 8 of the MTA (after-discovered property), she failed to explain what property was not listed in the MTA and how that property constituted community property, and she failed to provide a calculation of the amounts owed. A hearing on the claim objection was set for November 3, 2011.

In her untimely response,[5] Denise contended that Trustee had accepted Claim No. 15 "as-is" at a status hearing, and that any data entry mistakes in the Form 10 never presented an issue. In any event, contended Denise, the documents attached to Claim No. 15 provided the proper lien documentation. Denise further

---

[5] Under Local Bankruptcy Rule ("LBR") 3007-1(b)(3)(A), a response to Trustee's claim objection was due no later than 14 days prior to the November 3, 2011 hearing. This means Denise's response was due by October 20; she filed it October 25. Due to its untimeliness, the bankruptcy court was free to grant Trustee relief without further notice or hearing. See LBR 3007-1(b)(3)(B).

contended that because the MTA was signed and filed within 90 days of Michael's bankruptcy filing, Trustee had a fiduciary obligation to investigate and litigate any claim arising from the MTA, particularly from Paragraph 8 (claims for after-discovered property). According to Denise, no less than twenty-nine documents filed in support of Claim No. 15 showed evidence of fraud and forgery by Michael, thereby establishing prima facie evidence of its validity.

Trustee filed his reply on October 27, 2011. Denise is not listed on Trustee's proof of service. Trustee contended that the problems with Claim No. 15 were not mere "data entry" errors, but rather the information provided in Form 10 directly contradicted the documents Denise claimed supported Claim No. 15. Further, contended Trustee, any claims for fraudulent transfer were barred by the MTA and, in any event, Denise had failed to explain how the elements of fraudulent transfer were met or to provide supporting evidence in a coherent manner. Finally, Trustee asserted that Denise's calculation of damages from the alleged after-discovered property was incorrect per Paragraph 8 of the MTA, as it was not based on the value of the properties during any of the three given points in time. Alternatively, Trustee contended that based on Denise's allegation that Michael had refinanced and pulled the equity out of these properties prior to entering the MTA, her interest in the various properties was likely $0 or close to $0.

On October 31, 2011, Denise filed what she called "Addendum I" and "Addendum II" in response to Trustee's claim objection. Both addenda contain multiple "cross-motions" for various relief,

including breach of the MTA, quiet title, declaratory relief, and a request that the bankruptcy court "overturn" an apparent state court judgment for judicial foreclosure and deficiency on an unnamed property in favor of First American Title Company. Although the caption on each addendum said that the cross-motions were being heard in three days at the November 3 hearing with Trustee's claim objection, no notice of hearing was filed or hearing set in accordance with LBR 9013-1 for the cross-motions, nor was an application filed requesting an order shortening time under LBR 9075-1.

**C.    The claim objection hearing.**

The hearing on the objections to Claim No. 15 went forward on November 3, 2011. In addition to his previous objections, Trustee noted that the Avenida Alavaras property Denise named in her papers was investigated approximately one year ago when Denise notified him of it, and its value at that time was only $119,000. According to Denise's allegation, over $300,000 of loans existed on that property. Therefore, it had no value. Trustee contended that most of the allegations raised in Claim No. 15 were for fraudulent transfers that occurred prior to the MTA, so any potential claims were waived per the MTA and would not fall under the after-discovered property provision in Paragraph 8. Finally, Trustee noted that Denise may have other avenues for relief, but Claim No. 15 was not the proper method for seeking it.

Denise contended that because she provided evidence of liens existing on the real properties she named in Claim No. 15, she satisfied Rule 3001(c) and (d). The bankruptcy court informed

Denise that no document she provided showed that <u>she</u> held a lien against the property listed. Denise responded that evidence of her lien had been filed with the state court but not with Claim No. 15. On the evidence presented, the bankruptcy court determined that Denise had failed to prove she held any security interest in property owned by Michael.

The bankruptcy court then asked Denise to explain why her claim was entitled to priority under § 507(a)(1)(A), noting that under the MTA Denise had forever waived her right to spousal support. Denise proceeded to discuss irrelevant matters and failed to articulate any basis for a priority claim. After hearing further argument from Denise on matters either irrelevant to the claim objections or not before the court, the bankruptcy court informed Denise that § 547 governing the recovery of preferences and the 90-day look back period was inapplicable, and it proceeded to enter its oral ruling in favor of Trustee:

> You -- you have filed a proof of claim and it is your obligation when you file a proof of claim to properly document that claim, the basis for that claim, any security that you're asserting that secures that claim, any basis to priority. And again, based on the entire record, you haven't done that.
> . . . .
>
> Ms. Zuckerman, we've had a number of conversations when I've tried to explain to you the deficiencies in your legal arguments and the deficiencies in your claims. Rather than listen to me and rather than read my rulings you've chosen to continue to talk, you've chosen to try and re-litigate the same issues that have already been decided. So, I'm going to give you my ruling now and we'll be finished for the day.
>
> You have not established that you have a valid claim in the amount of $5,067,682 for the reasons that are set forth in the Trustee's objection and for the reasons that I've explained to you here today. So, I'm going to sustain the objection to your claim.

Hr'g Tr. (Nov. 3, 2011) 11:22-12:2; 13:15-14:2.

The bankruptcy court entered an order sustaining Trustee's objections and disallowing Claim No. 15 in its entirety on November 9, 2011 ("Claim Objection Order"). Denise timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We discuss our jurisdiction under 28 U.S.C. § 158 below.

## III. ISSUES

1.   Is this appeal moot?

2.   If not, did the bankruptcy court err in determining that Claim No. 15 failed to comply with Rule 3001?

3.   Did the bankruptcy court err in not considering Denise's cross-motions?

## IV. STANDARDS OF REVIEW

Mootness is a question of law reviewed de novo. S. Ore. Barter Fair v. Jackson Cnty. Ore., 372 F.3d 1128, 1133 (9th Cir. 2004)(citing Ore. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1116 (9th Cir. 2003)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008)(citation omitted).

Whether a proof of claim is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure is a question of fact we review for clear error. Garner v. Shier (In re Garner), 246 B.R. 617, 619 (9th Cir. BAP 2000)(citing Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.), 178 B.R. 222, 225

(9th Cir. BAP 1995)).

## V. DISCUSSION

Trustee filed a letter with this Panel on August 22, 2012, indicating that Denise's appeal of the Claim Objection Order was "essentially moot" because Michael's bankruptcy estate was administratively insolvent, and there were no funds to pay anything on Claim No. 15. As explained by Trustee, a hearing on the Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object ("NFR") was scheduled for August 30, 2012. In the NFR, the balance of cash on hand in the estate of $49,438.49 was to go entirely to administrative and professional fees of the Trustee, his accountant, and his counsel, leaving nothing for unsecured creditors. Objections to the NFR were due by August 16, 2012, but none were timely filed.[6]

On August 23, 2012, we entered an order requiring Denise to file and serve by no later than August 31, 2012, a written response explaining why this appeal should not be dismissed as moot. Denise timely filed her response, along with a motion to continue oral argument. Because Denise's response did not properly address the issue of mootness, and because she failed to show "exceptional circumstances" for continuing oral argument under 9th Cir. BAP Rule 8012-1, on August 29, 2012, we entered an order denying all relief requested in Denise's response and denying her motion to continue. Oral argument would be optional

---

[6] We take judicial notice of the NFR and the fact that no objections were filed. See In re E.R. Fegert, 887 F.2d at 957-58; In re Atwood, 293 B.R. at 233 n.9.

- 11 -

should Denise wish to appear.[7]  Denise timely filed a response on September 5, 2012, indicating that she would be appearing.

Meanwhile, the hearing on the NFR went forward on August 30, 2012.  According to the order entered on August 31, 2012, the NFR was approved in its entirety.  Our review of the bankruptcy court's docket shows that no party timely appealed the order approving the NFR.[8]

We lack jurisdiction over moot appeals.  I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001).  If the appeal is moot, we must dismiss it.  Id.  "The party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for a court to provide."  Oregon Advocacy Ctr., 322 F.3d at 1116 (citation and internal quotations omitted).  A case is moot "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party . . . ."  In re Pattullo, 271 F.3d at 901.

Trustee cited no authority to support his position of mootness in his August 22 letter.  We, also, were unable to locate a similar case.  Nonetheless, we conclude that Denise's appeal is moot because subsequent events have occurred making it

---

[7] Trustee waived his right to appear at oral argument by not filing a responsive brief as per our order entered on February 13, 2012.  We noted this fact in the order entered on August 29, 2012.

[8] We take judicial notice of the order granting the NFR and the fact that no appeal was taken.  See In re E.R. Fegert, 887 F.2d at 957-58; In re Atwood, 293 B.R. at 233 n.9.  That order is now final.  See Hollingsworth v. Kaler (In re Hollingsworth), 331 B.R. 399 (8th Cir. BAP 2005)(a bankruptcy court's order approving a trustee's final report and proposed distribution of the bankruptcy estate's assets is a final order).

- 12 -

impossible for us to fashion any effective form of relief for her. The bankruptcy estate is insolvent, and even if we were to reverse the Claim Objection Order, no money exists in the estate to pay any portion of it. Accordingly, this appeal is MOOT and we DISMISS it for lack of jurisdiction.[9]

Even if the appeal were not moot, we conclude the bankruptcy court did not clearly err in determining that Denise failed to meet her burden to prove the validity of Claim No. 15 in accordance with Rule 3001. She did not provide any evidence whatsoever of a security interest in her favor in either real property or a motor vehicle (or anything else) owned by Michael. She also failed to prove that Claim No. 15 qualified for priority status, as none of the documents she attached established a basis for why it was a domestic support obligation entitled to priority. Simply because Denise may have a claim against Michael for breach of the MTA (or other related claims), any potential award she would receive is not automatically "transformed" into a domestic support obligation entitled to priority. Further, Denise forever waived her right to any spousal support. Finally, as the bankruptcy court informed Denise, the preference provision of § 547 has no relevance here, and, even if it did, Denise's

---

[9] Because we lack jurisdiction over this appeal, we do not reach the issue of whether the bankruptcy court erred by not considering Denise's "cross-motions" filed in response to the claim objection. We do note, however, that the motions were never properly before the bankruptcy court. First, they were not noticed or properly set for hearing under local rule. Second, they suffer from other procedural defects, as some of the claims asserted require the filing of an adversary proceeding in accordance with Rule 7001. Finally, the bankruptcy court had no jurisdiction to "overturn" a state court order for judicial foreclosure and deficiency.

- 13 -

supporting documents failed to establish the necessary elements for a preference. <u>United States v. Daniel (In re R & T Roofing Structures & Commercial Framing, Inc.)</u>, 887 F.2d 981, 984 (9th Cir. 1989)(setting forth the seven elements required to establish a preference).

Whatever claims Denise may have against Michael, state court would appear to be the proper forum for her to exercise whatever rights she may have under the MTA.[10]

## VI. CONCLUSION

Based on the foregoing reasons, we DISMISS as MOOT.

---

[10] Because we do not reach the merits of the parties' arguments about the validity of Claim No. 15, our decision here is not intended to have preclusive effect on Denise's ability to litigate her claims against Michael in state court, whatever they may be. <u>See</u> <u>In re Pattullo</u>, 271 F.3d at 901 (since a dismissal for mootness is a dismissal for lack of jurisdiction, a court that has no jurisdiction cannot enter a judgment with preclusive effect).

- 14 -