

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2008

# In Re: Reilly

Precedential or Non-Precedential: Precedential

Docket No. 06-4290

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Reilly " (2008). *2008 Decisions.* Paper 755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4290

———————

IN RE: NADEJDA REILLY,

Debtor

WILLIAM G. SCHWAB,
Chapter 7 Trustee,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-02489)
District Judge: Honorable James M. Munley

———————

Argued November 6, 2007

Before: SCIRICA, Chief Judge, AMBRO,
and JORDAN, Circuit Judges

(Opinion filed July 21, 2008)

William G. Schwab, Esquire (Argued)
Jason Z. Christman, Esquire
811 Blakeslee Boulevard Drive East
P.O. Box 56
Lehighton, PA   18235

      Counsel for Appellant

Gino L. Andreuzzi, Esquire (Argued)
Suite II
85 Drasher Road
Drums, PA   18222

      Counsel for Appellee

Martin P. Sheehan, Esquire
Sheehan & Nugent
41 Fifteenth Street
Wheeling, WV   26003

      Counsel for Amicus-Appellant
      National Association of Bankruptcy Trustees

———————

## OPINION OF THE COURT

———————

AMBRO, Circuit Judge

We decide whether a Chapter 7 trustee who does not lodge a timely objection to a debtor's exemption of personal property may nevertheless move to sell the property if he later learns that the property value exceeds the amount of the claimed exemption. Where, as here, the debtor indicates the intent to exempt her entire interest in a given property by claiming an exemption of its full value and the trustee does not object in a timely manner, we hold that the debtor is entitled to the property in its entirety.

## I.    Background

Debtor Nadejda Reilly is a cook with a one-person catering business. On April 21, 2005, she filed a Chapter 7 bankruptcy petition with all of the necessary schedules and statements. Relevant to this appeal, she listed as personal property on her Schedule B an entry of "business equipment" with a value of $10,718. On her Schedule C, where Reilly claimed certain property as exempt from the bankruptcy, she again listed the "business equipment" with a value of $10,718. She claimed an exemption for the full $10,718 value of the property, asserting $1,850 of it under 11 U.S.C. § 522(d)(6) and $8,868 under 11 U.S.C. § 522(d)(5). Appellant William Schwab, who serves as the bankruptcy trustee in this matter, did not object to the exemption within the 30-day period prescribed by Federal Rule of Bankruptcy Procedure 4003(b).

Schwab later sought an appraisal of the business equipment—which consists of catering utensils and instruments—and determined it to have a value of approximately $17,200. He then filed a motion before the Bankruptcy Court to sell the business equipment in order to recoup the value, less the $10,718 exemption, for the bankruptcy estate. Reilly filed a timely answer to the motion to sell, asserting that the business equipment had become fully exempt when the period for filing an objection expired and was therefore not subject to sale by the trustee.

The Bankruptcy Court for the Middle District of Pennsylvania held a hearing on the matter and ultimately denied Schwab's motion to sell. It agreed with Reilly that the property was fully exempt from the bankruptcy estate because Schwab had not filed a timely objection to Reilly's claim of exemption. Schwab appealed, but the District Court for the Middle District of Pennsylvania denied the appeal. Specifically, the District Court found that Reilly had demonstrated her intent to exempt the entire value of the business property by listing the $10,718 figure as both the value of the property and the amount of the exemption. Because she exempted the entire value without a timely objection from the trustee, the District Court held that Reilly was entitled to the entire value of the exempted property, even if it was worth more than she had stated on the exemption forms. Schwab now appeals to us.

## II.    Jurisdiction and Standard of Review

4

The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334. The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. Our review is plenary. *See Interface Group-Nevada, Inc. v. Trans World Airlines, Inc.* (*In re Trans World Airlines, Inc.*), 145 F.3d 124, 130 (3d Cir. 1998). In exercising plenary review, we apply the same standard as the District Court. *Id.* at 131. Thus, we "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error[,] and its exercise of discretion for abuse thereof." *Id.* (citing *Ferrara & Hantman v. Alvarez* (*In re Engel*), 124 F.3d 567, 571 (3d Cir. 1997)).

## III.  Analysis

### A.

When a debtor files for bankruptcy under Chapter 7, he or she must file, among other items, a document known as a "Schedule B," which lists all of his or her personal property. Fed. R. Bankr. P. 1007(b)(1). This property forms the basis of the estate to be distributed to creditors. 11 U.S.C. § 541. The debtor is allowed to claim certain property as exempt from the bankruptcy estate, such that it is not distributed to creditors. *Id.* § 522.[1]

---

[1] Specifically, § 522(d) lists the categories of and amounts for property that may be exempted from bankruptcy. As noted,

In order to exempt property from the bankruptcy estate, the debtor must file "a list of property that the debtor claims as exempt." *Id.* § 522(*l*). This document is known as a "Schedule C," and it requires the debtor to list both the value of the exemption claimed and the current market value of the property before the exemption is taken.

After the debtor files the bankruptcy petition and appropriate schedules, the bankruptcy trustee holds a meeting of the creditors, where he verifies the information contained in the debtor's materials. *Id.* § 341. After this meeting, any party in interest, including the bankruptcy trustee, can object to an exemption taken by the debtor on his or her Schedule C. This process is governed by Federal Rule of Bankruptcy Procedure 4003. It provides in relevant part:

(a) Claim of exemptions.

A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim

---

Reilly claimed $1,850 of the business equipment exempt under § 522(d)(6), which allows for the exemption of the debtor's tools of her trade. She claimed the remaining $8,868 as exempt under § 522(d)(5)'s "wildcard" exemption, which allows the debtor to protect, subject to monetary caps, miscellaneous property of her choosing.

exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.

(b) Objecting to a claim of exemptions.

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.

(c) Burden of proof.

In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections. . . .

Fed. R. Bankr. P. 4003. Under Rule 4003(b), then, the trustee, as a party in interest, has 30 days from the close of the creditors'

meeting under § 341(a) (or the date of filing any supplemental schedules or amendment to the exempt-property list, whichever is later)[2] to object to any exemptions a debtor claimed on his or her Schedule C. If no objection is made, "the property claimed as exempt on [the Schedule C] is exempt." 11 U.S.C. § 522(*l*).

As noted, Reilly claimed her business equipment as exempt on her Schedule C, and she listed the value of the property as $10,718 and the value of the exemption as $10,718. The trustee, Schwab, did not object to Reilly's exemption of her business equipment within 30 days of the conclusion of the creditors' meeting, nor did he timely seek an extension of the time in which to make an objection. Schwab, however, argues that he was not required to file a timely objection because he was not objecting to the propriety of Reilly taking the exemption as such; rather, his objection goes to the value of the property claimed as exempt. Stated another way, he contends that Rule 4003 and § 522(*l*) only place a 30-day limit on the trustee's ability to object to an exemption on the ground that it was not properly taken—that there is no statutory basis for claiming the exemption—and does not control objections to property valuation. Schwab claims that applying Rule 4003 to objections to an exemption's valuation would invite gamesmanship among

---

[2] As we know of no such supplemental schedule or amendment, we use throughout this opinion the close of the creditors' meeting as our starting point.

8

debtors, who would seek to undervalue their assets. He also asserts that trustees would be forced to object to the valuation of an exemption every time the debtor values the property and the exemption identically.

## B.

The starting point for our analysis is the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). There the Court had an opportunity to consider the application of Rule 4003's 30-day limit on objections to exemptions. The debtor in *Taylor* had filed a Chapter 7 petition for bankruptcy while she was pursuing an employment discrimination claim on appeal before the Pennsylvania Supreme Court. On her schedules before the Bankruptcy Court, she listed as exempt the proceeds from her lawsuit and claim for lost wages. She listed both the value of the asset and the amount of the exemption as "unknown." *Id.* at 640. During the initial meeting of creditors, the debtor's attorneys informed the bankruptcy trustee that the debtor might win a $90,000 judgment in her suit. After the creditors' meeting, the trustee investigated the potential lawsuit further, but ultimately did not object to the claimed "unknown" exemption. *Id.* at 640–41. The lawsuit later settled for $110,000, $71,000 of which was paid by a check to the debtor and her attorneys. The debtor signed this check over to her attorneys as payment for their representation, and the trustee filed a complaint against the attorneys in Bankruptcy Court, contending that the money was part of the bankruptcy estate. *Id.*

9

at 641.  The Supreme Court disagreed, holding that the trustee had forfeited his right to challenge the claimed exemption by not filing a timely objection.

Justice Thomas, writing for the Court, explained that the debtor did not have a right to exempt "more than a small portion of the[] proceeds" from the lawsuit on her Schedule C, but she nevertheless "claimed the full amount as exempt" when she listed the value of the lawsuit as "unknown" and the value of her exemption as "unknown."  *Id.* at 642.  The Court held that the trustee could have objected to the exemption under Rule 4003 within the 30-day period and his failure to do so thereby rendered the full amount of the proceeds from the lawsuit exempt.  *Id.* at 642.

The trustee in *Taylor* argued, as does the trustee in our case, that Rule 4003 governs inquiries into the "validity of an exemption" only and does not "preclude judicial inquiry" into valuation.  *Id.* at 643.  The Court was unpersuaded, reasoning that

> [d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.  In this case, despite what respondents repeatedly told him, Taylor did not object to the claimed exemption.  *If Taylor did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, or he could have asked the Bankruptcy Court for*

10

*an extension of time to object.* Having done neither, Taylor cannot now seek to deprive [the debtor] of the exemption.

*Id.* at 644 (emphasis added) (citations omitted). The trustee further argued that allowing property to become exempt in this manner would create improper incentives for debtors to claim property as exempt in the hope that a trustee would not object and then the full amount of the exemption—beyond what was legally available—could pass through the bankruptcy estate and be pocketed by the debtor. *Id.* The Court rejected this concern, noting that trustees are already safeguarded from such risks by various provisions of the Bankruptcy Code that penalize debtors for engaging in improper conduct in the course of a bankruptcy. *Id.*[3]

---

[3] As the Court explained,

[d]ebtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings. *See, e.g.*, 11 U.S.C. § 727(a)(4)(B) (authorizing denial of discharge for presenting fraudulent claims); Rule 1008 (requiring filings to "be verified or contain an unsworn declaration" of truthfulness under penalty of perjury); Rule 9011 (authorizing sanctions for signing certain documents not "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); 18 U.S.C. § 152 (imposing criminal

11

C.

Schwab and *amicus* National Association of Bankruptcy Trustees contend that *Taylor* is not applicable in our case because Reilly's exemption was not objectionable on its face. According to Schwab, the amount of the exemption that Reilly claimed—$10,718—was proper, which means that, "[a]s opposed to Trustee Taylor, the Trustee here could not have made a valid objection under 11 U.S.C. § 522(*l*) to this exemption. [Schwab] intends to pay [Reilly] her exemption from the proceeds of the business equipment." Schwab's Reply Br. 4. Thus, Schwab argues that *Taylor* "'simply does not address whether a debtor's valuation of property becomes conclusive in the absence of a timely objection pursuant to 11 U.S.C. § 522(*l*) and Rule 4003(b).'" *Id.*

We disagree, as we believe this case to be controlled by *Taylor*. Just as we perceive it was important to the *Taylor* Court

---

penalties for fraud in bankruptcy cases). These provisions may limit bad-faith claims of exemptions by debtors. To the extent that they do not, Congress may enact comparable provisions to address the difficulties that Taylor predicts will follow our decision. We have no authority to limit the application of § 522(*l*) to exemptions claimed in good faith.

*Taylor*, 503 U.S. at 644–45.

that the debtor meant to exempt the full amount of the property by listing "unknown" as both the value of the property and the value of the exemption, it is important to us that Reilly valued the business equipment at $10,718 and claimed an exemption in the same amount. Such an identical listing put Schwab on notice that Reilly intended to exempt the property fully. At that point, had Schwab doubted Reilly's valuation of her business equipment, he should have had the property appraised and/or sought a hearing pursuant to Rule 4003(c). Alternatively, if he was not able to seek an appraisal within Rule 4003's 30-day time limit, he could have requested an extension before that deadline passed. But once Rule 4003's 30-day period elapsed without Schwab filing an objection or a request for an extension, the property became fully exempt from the bankruptcy estate regardless of its ultimate market value.

D.

In reaching our holding today, we recognize that there is a split of authority on this issue among courts that have considered it. *Compare Allen v. Green* (*In re Green*), 31 F.3d 1098 (11th Cir. 1994), *and Olson v. Anderson* (*In re Anderson*), 377 B.R. 865 (6th Cir. B.A.P. 2007), *with Stoebner v. Wick* (*In re Wick*), 276 F.3d 412 (8th Cir. 2002), *and Hyman v. Plotkin* (*In re Hyman*), 967 F.2d 1316 (9th Cir. 1992). Taking these cases in reverse order, *Hyman*, which was decided just after *Taylor*, involved debtors who had claimed a $45,000 state-law homestead exemption in their house, which was valued at

13

$415,000 and was subject to $347,611 in encumberances. 967 F.2d at 1318. When the trustee moved to sell the house, the debtors claimed that they had exempted the entirety of their house because the trustee had not filed a timely objection to the exemption under Rule 4003. The Court of Appeals for the Ninth Circuit disagreed because the debtors had not signaled their intent to exempt the entirety of the property, but merely $45,000 of the unencumbered property. *Id.* at 1319. *Hyman* is distinguishable from the case before us because the debtor here claimed an exemption in the amount of the entire value of the property. Had Reilly claimed only a $10,000 exemption in property she valued at $10,718, we might have a case that resembles *Hyman*. But where the debtor indicates her intent to exempt the entirety of the property by listing the value of the property and the value of the exemption as identical, *Taylor* proves more instructive.

*Wick* from the Eighth Circuit provides a closer case. The facts there appear much the same as *Taylor*. The debtor had listed the value of certain stock options as "unknown" and claimed an exemption in an "unknown" amount. 276 B.R. at 414. The trustee did not object, even though the maximum statutory exemption was $3,925. *Id.* at 416. Ultimately, the debtor exercised her stock options and received $97,200, and the trustee sought to compel the turnover of the stock option proceeds less the $3,925 exemption. The debtor relied on *Taylor*, but the Eighth Circuit Court of Appeals found it distinguishable because there was evidence in the record

14

establishing that the debtor in *Wick* only intended to exempt a portion of the stock options, whereas the debtor in *Taylor* intended to exempt the property in full. *Id.* at 416–17. The Court further rejected the debtor's assertion that, as a matter of law, one fully exempts an asset by listing both the value of the stock options and the value of the exemption as "unknown," reasoning that "when a specific dollar figure given by statute limited the amount of the exemption, and the trustee did not forsake an interest in the options[,] . . . listing 'unknown' does not, by itself, render the options fully exempt." *Id.* at 416.

We believe this result to be inconsistent with *Taylor*. Unlike our Eighth Circuit colleagues in *Wick*, we read *Taylor* to mean that, where the debtor signals her intention to exempt certain property in its entirety by listing an identical entry for the property's value and the amount of the exemption, the trustee must object pursuant to Rule 4003 lest the property be rendered fully exempt.

In contrast to *Hyman* and *Wick*, the Court of Appeals for the Eleventh Circuit and the Bankruptcy Appellate Panel of the Sixth Circuit have reached conclusions similar to ours—namely, that where a debtor shows her intent to exempt the entirety of certain property and the trustee does not object within Rule 4003's time-frame, the asset passes through the bankruptcy estate and becomes fully exempt, even if it is later discovered that the property has a higher value than the exempted amount. In *Green*, the debtor filed a Schedule C claiming her pending

15

lawsuit as exempt. She listed the lawsuit as having a value of $1 and claimed an exemption of $1 as well. 31 F.3d at 1098. The trustee did not object to the exemption, even though he understood that the $1 value did not represent the suit's actual estimated value. When the debtor received a $15,000 settlement from the suit, the trustee sought to have that money become part of the bankruptcy estate. He argued that, because the debtor had only listed a $1 exemption on her Schedule C, the bankruptcy estate was entitled to all proceeds from the lawsuit in excess of the $1 exemption. *Id.* at 1099. The debtor claimed that the trustee's failure to file a timely objection pursuant to Rule 4003 precluded him from seeking those funds. The Eleventh Circuit Court of Appeals agreed with the debtor. It reasoned that "an unstated premise" of *Taylor* was "that a debtor who exempts the entire reported value of an asset is claiming the 'full amount,' whatever it turns out to be." *Id.* at 1100. The trustee's failure to file a timely objection thus meant that the entire value of the lawsuit was exempt from the bankruptcy estate.

Finally, in *Anderson* the Bankruptcy Appellate Panel of the Sixth Circuit ("B.A.P.") considered a situation where the debtors sought to exempt their 50% interest in a co-owned property. The debtors claimed on their Schedule C that the property was worth $30,000, and thus their 50% interest was $15,000. They claimed an exemption of $15,000. 377 B.R. at 869. Well after Rule 4003's 30-day period had expired, the trustee sought an appraisal of the property and determined it to be worth $60,000. The trustee initiated an adversary proceeding

16

in which she sought to sell the property and recoup for the bankruptcy estate the value of the debtors' 50% share in excess of the $15,000 exemption. The debtors claimed that they had fully exempted their 50% interest in the property, notwithstanding its subsequently appraised value, and the B.A.P. agreed. It read *Taylor* as standing for the principle that, "when a debtor makes an unambiguous manifestation of intent to seek an unlimited exemption in property, . . . absent a timely objection, that property is exempt in its entirety, even if its actual value exceeds statutory limits, and it is no longer property of the estate." *Id.* at 875. In reaching this determination, the B.A.P. noted that the burden for Rule 4003 objections rests on the trustee, and not the debtor, meaning that any ambiguity should be resolved in the debtor's favor. *Id.* at 876–77.

*Anderson* provides the closest analog to the case before us. In both instances, the debtors signaled their intent to exempt the property in its entirety by claiming an exemption for the full value of the property. Moreover, both trustees could have conducted appraisals of the exempted property within Rule 4003's 30-day period but failed to do so. Both could have asked for more time but did not, and both had the burden to object but did not. Add to these facts the reasoning in *Taylor*, and the result rests in favor of the debtor.

* * * * *

It is worth noting that our holding today accords with

17

bankruptcy's promise of a fresh start. Once the period for objection lapses, all parties involved know what property belongs to the bankruptcy estate and what remains with the debtor.[4] The debtor can then use that property with the knowledge that it is her own and will not be subject to later liquidation for the benefit of creditors. This is not the case where the debtor claims an exemption in an amount less than the value listed on the schedules. In that circumstance, the trustee is entitled to claim for the bankruptcy estate the value of the property in excess of the exemption sought, without the need for a timely objection. *See In re Hyman*, 967 F.2d at 1319. But where the debtor lists a value for the property and claims an exemption in the same amount, the trustee is on notice of the debtor's valuation and has ample time to seek confirmation that

---

[4] *See* 9 Collier on Bankruptcy ¶ 4003.02[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005) ("Normally, if the debtor lists property as exempt, that listing is interpreted as a claim for exemption of the debtor's entire interest in the property, and the debtor's valuation of that interest is treated as the amount of the exemption claimed. Were it otherwise—that is, if the listing were construed to claim as exempt only that portion of the property having the value stated—the provisions finalizing exemptions if no objections are filed would be rendered meaningless. The trustee or creditors could always claim that the debtor's interest in the property was greater than the value claimed as exempt and still object to the debtor exempting his or her entire interest in the property after the deadline for objections had passed.").

the debtor's claimed value represents the true worth of the asset.

Finally, we are mindful of the trustee's concern that our holding today will encourage gamesmanship among crafty debtors who may seek to undervalue their property with the hope of having it bypass the bankruptcy estate. But as *Taylor* reminds us, there are significant protections in place for both the trustee and the bankruptcy estate. *See* 503 U.S. at 644–45; *supra* note 3. Moreover, on the facts here, there is no reason to suspect bad behavior on the part of the debtor. Indeed, it is quite to the contrary. The kitchen equipment Schwab here seeks to sell has significant sentimental value to Reilly, having been bought for her by her parents. When faced with Schwab's motion to sell, Reilly attempted to have the bankruptcy proceeding dismissed, saying that she would find a way to pay all of her creditors rather than lose the equipment. And, in any event, if Schwab discovered bad faith by Reilly, bankruptcy and criminal law allow recourse.

We thus affirm the judgment of the District Court.