**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2127**

GARON REEVES; DIANE LINDSEY REEVES,

        Debtors - Appellants,

      v.

JOSEPH N. CALLAWAY,

        Trustee - Appellee,

INTERNAL REVENUE SERVICE,

        Defendant - Appellee.

------------------------------------

NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,

        Amicus Supporting Appellants,

THE NATIONAL ASSOCIATION OF BANKRUPTCY TRUSTEES,

        Amicus Supporting Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:11-cv-00280-F; 10-02562-8-SWH)

Argued: September 19, 2013      Decided: November 20, 2013

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** William Earl Brewer, Jr., THE BREWER LAW FIRM, Raleigh, North Carolina, for Appellants. Angus Scott McKellar, BATTLE, WINSLOW, SCOTT & WILEY, PA, Rocky Mount, North Carolina, for Appellees. **ON BRIEF:** Raymond M. DiGuiseppe, Tara Twomey, NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS, San Jose, California, for Amicus National Association of Consumer Bankruptcy Attorneys. Martin P. Sheehan, SHEEHAN & NUGENT, P.L.L.C., Wheeling, West Virginia, for Amicus The National Association of Bankruptcy Trustees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Chapter 7 debtors in this case contend that because the value of their actual interest in their residence does not exceed the amount of aggregate interest in such residence they claim as exempt from the bankruptcy estate under North Carolina law, the bankruptcy court's grant of their claimed exemption in the residence actually removed the entirety of the residence from the bankruptcy estate, such that the bankruptcy court lacked statutory authority to grant the bankruptcy trustee permission to sell the residence as part of his duties in administering the bankruptcy estate. For reasons that follow, we disagree and affirm the district court's affirmance of the bankruptcy court's grant of the trustee's motion to sell the residence.

I.

On March 31, 2010, husband and wife Garon and Diane Reeves (Debtors) filed a joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of North Carolina. 11 U.S.C. §§ 701-784. Debtors are residents of North Carolina. On the real property schedule of their petition, Schedule A, Debtors listed their residence at 1425 Chelton Oaks Place, Raleigh, North Carolina (Debtors' Residence). At a hearing before the bankruptcy court on July 15, 2010, the

parties stipulated that the fair market value of Debtors' Residence is $325,000. There is also no dispute that: (1) Debtors' Residence is encumbered by a first mortgage lien in favor of Wells Fargo Mortgage in the approximate amount of $195,500; (2) the excess value in Debtors' Residence beyond the first mortgage is encumbered by a federal tax lien in the approximate amount of $382,300; and (3) no equity exists in Debtors' Residence over and above the first mortgage lien and the federal tax lien.

Because North Carolina is as an opt-out state with respect to the Bankruptcy Code's uniform list of property for which a debtor can seek to exempt from the bankruptcy estate, see 11 U.S.C. § 522(b); N.C. Gen. Stat. 1C-1601(f), the ability of Debtors to exempt any interest with respect to Debtors' Residence is governed by North Carolina law. Of relevance here, North Carolina law entitles a single debtor to exempt "[t]he debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property . . . that the debtor . . . uses as a residence . . . ." N.C. Gen. Stat. 1C-1601(a)(1). Notably, this exemption expressly pertains to a debtor's "aggregate interest" in the real property, "not to exceed" $35,000 "in value . . . ," and does not pertain to the real property itself, id. See Schwab v. Reilly, 130 S. Ct. 2652, 2661-63 (2010) (when Bankruptcy Code defines the property

- 4 -

a debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset, the exemption pertains to the debtor's interest in the asset, not to the asset per se). The nature of this exemption stands in contrast to exemptions which pertain to certain property in kind or in full regardless of value. See, e.g., 11 U.S.C. § 522(d)(9) (exemption for professionally prescribed health aids). See also Schwab, 130 S. Ct. at 2662-63 (observing Bankruptcy Code's distinction between exemptions for a debtor's interest in a certain asset up to a certain dollar amount and exemptions for certain assets themselves).

On Amended Schedule C, filed by Debtors as part of Debtors' Chapter 7 petition, Debtors listed $60,000.00 as the "VALUE OF REAL ESTATE CLAIMED AS EXEMPT." (J.A. 96). The form described such real estate as Debtors' residence and listed 1425 Chelton Oaks Place, Raleigh, North Carolina as its address. Just below this information, Debtors listed the following information denoted by an asterisk:

> Debtors exempt **their entire interest in this property** despite the lack of equity. **The $60,000.00 amount is the value of the interest** in the residence that debtors can exempt and without using up any wild card exemption under NCGS §1C-1601(a)(2). Should the trustee or any other party in interest contend that the[re] would be any funds available for distribution to creditors after paying the consensual lien, [and] the Federal Tax lien, . . . that party should file a timely objection to this claim of exemption.

(J.A. 96) (emphasis added).

The bankruptcy trustee assigned to Debtors' bankruptcy (the Trustee) filed an objection to Debtors' exemption claim with respect to Debtors' Residence on the ground that Debtors had no equity in it. Debtors filed a response to the Trustee's objection, taking the position that they have a right to exempt their interests in an asset in which they have no equity.

Following a hearing on the matter, the bankruptcy court entered an order denying the Trustee's objection on the ground that, notwithstanding the Debtors' lack of equity in Debtors' Residence, Debtors "are entitled to assert and reserve their available exemptions in" Debtors' Residence. (J.A. 111). Notably, the bankruptcy court stated in its order that its denial of the Trustee's objection and its grant of the Debtors' reservation of their exemption in Debtors' Residence did not prevent the Trustee from filing a subsequent motion seeking authority to sell Debtors' Residence "in order to generate funds for a recovery to unsecured creditors in the case upon a carve out assigned by the IRS or some other method." Id. "Similarly," the bankruptcy court stated, "the objections of the Debtors to such a motion are deemed reserved as well." Id.

The Trustee subsequently moved for authority to sell Debtors' Residence free and clear of liens with the transfer of any valid liens to attach to the net sale proceeds. In such

motion, the Trustee correctly stated that the IRS had agreed to carve out 30% of the net proceeds of the sale of Debtors' Residence otherwise subject to the IRS' tax lien for the payment of allowed administrative claims, with any balance to be paid on a pro rata basis to unsecured creditors. Debtors objected to the Trustee's motion on the ground that the bankruptcy court's order allowing them to reserve their claimed exemption with respect to Debtors' Residence actually removed Debtors' Residence from the bankruptcy estate, such that the Trustee lacked statutory authority to sell it.

The bankruptcy court granted the Trustee's motion for authority to sell Debtors' Residence. The bankruptcy court specifically rejected Debtors' argument in opposition to the motion as follows:

> All property of the debtors became property of the estate at the time of the filing of the petition in this case. After the property came into the estate, the debtors were entitled to exempt it under § 522 of the Code, which invoked the exemptions objections procedure followed by the trustee. See Tignor v. Parkinson, 729 F.2d 977 (4th Cir. 1984); Shirkey v. Leake, 715 F.2d 859, 863 (4th Cir. 1983). In this case, the debtors' claimed exemptions in the Property were upheld by the court, notwithstanding the fact that there was indisputably no equity in the Property. See In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Thennes, Case No. 03-04271-5-ATS (Bankr. E.D.N.C. Oct. 7, 2004). However, the effect of allowance of the debtors' exemptions in the Property was to exempt their *interest* in the Property from the estate, not the Property itself. Schwab v. Reilly, 130 S. Ct. 2652 (2010).

(J.A. 25-26). The bankruptcy court went on to explain that because Debtors' Residence is property of the bankruptcy estate, the Trustee, with the permission of the bankruptcy court, is authorized to sell it and distribute the proceeds in accordance with Bankruptcy Code provisions.

Debtors appealed the bankruptcy court's order granting the Trustee permission to sell Debtors' Residence to the district court. On appeal, the district court affirmed on the reasoning of the bankruptcy court. Debtors filed a timely appeal of the district court's order to our court as the second layer of appellate review in bankruptcy proceedings. The Trustee and the IRS are appellees in the present appeal.

II.

In the present appeal, Debtors acknowledge that, upon filing their Chapter 7 petition on March 31, 2010, their legal interest in Debtors' Residence became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). Debtors also acknowledge that the amount of the liens encumbering Debtors' Residence exceed its actual value, thus eliminating any equitable interest in Debtors' Residence which they otherwise may have had. Debtors argue, however, that because the value of their actual interest in Debtors' Residence, i.e., zero, does not exceed the amount of aggregate interest in Debtors' Residence for which

- 8 -

they are entitled to claim as exempt from the bankruptcy estate under North Carolina law, i.e., $60,000.00, the bankruptcy court's grant of their claimed exemption in Debtors' Residence actually removed Debtors' Residence in its entirety from the bankruptcy estate, such that the bankruptcy court lacked statutory authority to grant the Trustee permission to sell it. Appellees' arguments in response track the reasoning of the bankruptcy court and the district court.

Debtors' position is without merit. The fatal flaw in Debtors' position is that it ignores the distinction between exempting an asset itself from the bankruptcy estate and exempting an interest in such asset from the bankruptcy estate. The Supreme Court made the point crystal clear in its Schwab decision, 130 S. Ct. at 2661-63. In that case, the debtor claimed certain restaurant equipment as exempt and placed a value within the allowed exemption range. Id. at 2657-58. A later appraisal valued the equipment at an amount that substantially exceeded the statutorily allowed exemption amount. Id. at 2658. Because the equipment appraised at a higher value than the debtor's claimed exemption, the Schwab trustee moved the bankruptcy court for permission to sell the equipment, with the proceeds first distributed to the debtor in the amount equal to her claimed exemption and the balance distributed to her creditors. Id.

The debtor opposed the sale.  Id.  In so opposing, the debtor did not dispute the validity of the higher appraisal. Id.  Rather, she opposed the motion to sell on the ground that because the monetary value in the equipment that she claimed as exempt in Schedule C of her bankruptcy petition equaled the monetary value that she listed in Schedule C as the equipment's fair market value, the trustee was obliged to object to her claim of exemption if he wanted to preserve the estate's right to retain any value in the equipment above the monetary value that she claimed to be exempt.  Id.  In this regard, the debtor reasoned that her equating of the two values put the trustee on sufficient notice that she intended to exempt the full value of the equipment.  Id.

Agreeing with the debtor, the bankruptcy court in Schwab denied the trustee's motion to sell the equipment.  Id. at 2659. The district court affirmed the bankruptcy court, and the Third Circuit affirmed the district court.  Id.  In affirming the district court, the Third Circuit relied upon Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), which decision the Third Circuit interpreted as having the unstated premise that a debtor who exempts the entire estimated value of an asset reported on Schedule C is claiming the full amount of such asset, whatever the actual value turns out to be.  In re Reilly, 534 F.3d 173 (3d Cir. 2008).  "Relying on this 'unstated premise,' the [Third

- 10 -

Circuit] held that [the trustee's] failure to object to [the debtor's] claimed exemptions entitled [the debtor] to the equivalent of an in-kind interest in her business equipment, even though the value of that exemption exceeded the amount that [she] declared on Schedule C and the amount that the Code allowed her to withdraw from the bankruptcy estate." Schwab, 130 S. Ct. at 2659.

The majority opinion in Schwab ruled against the debtor, holding that the Third Circuit's approach failed to account for the text of the relevant provisions of the Bankruptcy Code and misinterpreted Taylor. Id. In setting up the opposing arguments, the Court noted that the debtor asserted that the "'property claimed as exempt'" under the Bankruptcy Code by the debtor is defined by reference to all the information on Schedule C, including the estimated market value of each asset in which the debtor claims an exempt interest. Id. at 2660. The Court then noted that the

> Schwab [trustee] and the United States as amicus curiae argue[d] that the [Bankruptcy] Code specifically defines the "property claimed as exempt" as an interest, the value of which may not exceed a certain dollar amount, in a particular asset, *not* as the asset itself. Accordingly, they argue that the value of the property claimed exempt, *i.e.*, the value of the debtor's exempt interest in the asset should be judged on the value the debtor assigns the interest, *not* on the value the debtor assigns the asset.

Id.

The Schwab Court agreed with this argument by the trustee and the United States as amicus curiae. Id. at 2661-63. Of relevance to the present appeal, in so agreeing, the Schwab Court explained the process under the Bankruptcy Code for property coming into the bankruptcy estate to be later reclaimed by the debtor through the exemption process. Id. at 2663-65. The Court explained that first, most of a debtor's assets become property of the estate upon commencement of the bankruptcy case. Id. at 2663. The Schwab Court then explained that "exemptions represent the debtor's attempt to reclaim those assets or, more often, certain interests in those assets, to the creditors' detriment." Id. at 2663-64. Notably, the Court opined that the Third Circuit's decision not only fails to account for the Bankruptcy Code's definition of the "'property claimed as exempt,'" id. at 2662-63 (quoting 11 U.S.C. § 522(l)), but "[i]t also fails to account for the provisions in § 522(d) that permit debtors to exempt certain property in kind or in full regardless of value," id. at 2663.

Another part of the Schwab opinion relevant to the present appeal before us is the Court's response to the debtors' contention that the Court's approach creates perverse incentives for trustees and creditors to sleep on their rights:

> **Where a debtor intends to exempt nothing more than an interest worth a specified dollar amount in an asset that is not subject to an unlimited or in-kind**

**exemption under the [Bankruptcy] Code,** our approach will ensure clear and efficient resolution of competing claims to the asset's value. If an interested party does not object to the claimed interest by the time the Rule 4003 period expires, **title to the asset will remain with the estate pursuant to § 541, and the debtor will be guaranteed a payment in the dollar amount of the exemption.** If an interested party timely objects, the court will rule on the objection and, if [the debtor's claim of exemption] is improper, allow the debtor to make appropriate adjustments.

Id. at 2667-68 (emphasis added).

Applying the teachings of Schwab to the present appeal compels us to affirm the district court. Debtors concede that, at the commencement of their bankruptcy case, their legal interest in Debtors' Residence became part of the bankruptcy estate. There is also no dispute that, pursuant to applicable North Carolina law, Debtors sought to exempt an aggregate interest in Debtors' Residence in the amount of $60,000. The Trustee objected on the ground that Debtors had no equity in Debtors' Residence. Following a hearing on the matter, the bankruptcy court entered an order denying the Trustee's objection on the ground that, notwithstanding the Debtors' lack of equity in Debtors' Residence, Debtors "are entitled to assert and reserve their available exemptions in" Debtors' Residence. (J.A. 111). Under the clear teachings of Schwab, because Debtors' Residence is not subject to an unlimited or in-kind exemption, title to Debtors' Residence remained with the

bankruptcy estate pursuant to 11 U.S.C. § 541. See 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."); Schwab, 130 S. Ct. at 2667; In re: Feinstein Family Partnership, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000) ("[F]ully encumbered property is still property of the estate until it is either abandoned by the trustee pursuant to Section 554(a) or released upon stay relief and sold by the secured creditor . . . .").

Notably, the fact that the IRS agreed to allocate part of its tax lien as a carve-out for unsecured creditors has no adverse consequences for Debtors because the Trustee confirmed before the bankruptcy court that Debtors will receive full credit with respect to the IRS lien for any amount paid to unsecured creditors from the sale proceeds as part of the carve-out. Also notable is the fact that the carve-out takes this case out of the "now almost universally recognized [rule] that where the [bankruptcy] estate has no equity in the property, abandonment is virtually always appropriate because no unsecured creditor could benefit from the administration." In re: Feinstein Family Partnership, 247 B.R. at 507. Here, the carve-out operates to assign equity in Debtors' Residence for the benefit of the bankruptcy estate (i.e., unsecured creditors), thus justifying the Trustee's action in selling

Debtors' Residence as opposed to abandoning it.  See In re Rambo, 297 B.R. 418, 433-34 (Bankr. E.D. Pa. 2003) (trustee may sell debtor's property under 11 U.S.C. § 363, but generally only to benefit unsecured creditors, i.e., when sale proceeds will fully compensate secured creditors and produce some equity for benefit of unsecured creditors).

## III.

To summarize, Debtors' Residence remained property of the bankruptcy estate despite the bankruptcy court allowing Debtors to reserve an exemption of $60,000 as their aggregate interest in Debtors' Residence subordinate to the first mortgage lien and the federal tax lien.  Therefore, Debtors' argument that the Trustee lacks the statutory authority to sell Debtors' Residence because such asset is no longer property of the bankruptcy estate is without merit.  Accordingly, we affirm the district court's affirmance of the bankruptcy court's order granting the Trustee permission to sell Debtors' Residence.

AFFIRMED