**IN RE: Fernando A. VILLARREAL and Suzanne Villarreal, Debtors.**

**Case No. 15–33218**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Signed December 27, 2016

---

103. Gers Response (Docket # 41, Case No. 13–44268) at 14, ¶ 13; May 28 Hr'g Tr. (Docket # 52, Case No. 13–44268) at 27; Evid. Hearing Tr. at 43.

104. May 28 Hr'g Tr. (Docket # 52, Case No. 13–44268) at 27.

Bradley A. Sarnell, Tax Division, Dept. of Justice, Washington, DC.

Andrew Zeigler, Kennel Zeigler LLC, Dayton, OH, for Debtors.

Paul H. Speath, Dayton, Ohio, Chapter 13 Trustee.

## DECISION AND ORDER SUSTAINING THE UNITED STATES' OBJECTION TO THE DEBTORS' HOMESTEAD EXEMPTION

Lawrence S. Walter, United States Bankruptcy Judge

### Factual Background

On September 30, 2015, the debtors, Fernando and Suzanne Villarreal (the "Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtors scheduled their residence located at 123 W. Hadley Road, Dayton, Ohio (the "Property") as jointly held in fee simple with a value of $443,000. (doc. 144). The Debtors also scheduled two mortgages on the Property as well as secured claims of the State of Ohio and the Montgomery County Treasurer. In addition, the Debtors scheduled the Internal Revenue Service ("the United States") as holding a secured claim in the amount of $5,053.50, an unsecured priority claim in the amount of $113,368.11 and a non-priority unsecured claim in the amount of $487.04. *Id.* The United States has filed a proof of claim in this case, which has been amended three times. The current iteration, claim 1–4, is in the aggregate amount of $752,746.57, allocated as follows: a $562,476.53 non-priority unsecured claim, a

$185,216.54 unsecured priority claim, and a $5,053.50 secured claim.[1] The Debtors claimed the full $265,800 homestead exemption for their residence pursuant to Ohio Revised Code § 2329.66(A)(1)(b).[2]

On January 20, 2016, the United States moved to convert the case to Chapter 7. doc. 37. Following a March 17, 2016 hearing, the court sustained the United States' and the Chapter 13 Trustee's objections to confirmation of the Debtors' Chapter 13 plan and granted the United States' motion to convert. An order was entered on March 21, 2016. Paul Spaeth was appointed as the Chapter 7 Trustee (the "Trustee").

On June 9, 2016, the United States objected to the homestead exemption of the Debtors (doc. 75). Dr. Villarreal is a physician doing business as Fernando A. Villarreal, M.D., Inc. (the "Corporation"). Based on an investigation into the Corporation,

the United States has alleged, that both Debtors were "responsible persons" who failed to pay withholding taxes for the Corporation. Dr. Villarreal is the 100% shareholder of the Corporation. Under alter ego and veil-piercing doctrines, the United States asserted that both Debtors are responsible for the Corporation's taxes. *See also* Declaration of Revenue Officer Michael Louderback (doc. 37-1). The United States argued that, pursuant to 11 U.S.C. § 522(c)[3], the Debtors' homestead exemption did not apply to the tax debt owed the United States because, under various theories, the tax debt was a priority debt under 11 U.S.C. § 523(a)(1). While the United States recognized § 522(c)(1) as a self-executing provision, it filed the objection because it intended to pursue its claim against the proceeds that may result from the sale of the Debtors' homestead by the Trustee during this case.

---

1. According to the United States, "[t]he secured claim reflects that the IRS released notices of federal tax lien for most of the assessed tax liabilities based on a levy to offset a Medicare payment which satisfied most of the assessed tax liabilities but then had to reverse the transfer because Medicare had issued the payment in error." doc. 75 at 2 n. 1.

2. Section 2329.66(A)(1)(b) provides:

 (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

 * * *

 (1)(b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

 Ohio Rev. Code § 2329.66(A)(1)(b). The Ohio homestead exemption statute is indexed to inflation and the interest for a person allowed to be exempted was $132,900 as of the petition date. *See* Ohio Rev. Code § 2329.66(B)

(requiring an adjustment to the dollar amounts in § 2329.66 beginning April 1, 2010 and every third year thereafter).

3. Section § 522(c) states in relevant part that:

 Unless a case is dismissed, property exempted under this section, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

 (1) A debt of a kind specified in paragraph (1) or (5) of section 523(a)(in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt specified in such paragraph);

 (2) A debt secured by a lien that is—

 (A) (i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 549, or 724(a) of this title; and

 (ii) not void under section 506(d) of this title; or

 (B) A tax lien, notice of which is properly filed[.]

 11 U.S.C. § 522(c)(1) and (2).

The Debtors' response (doc. 83) asserted that the Trustee could not liquidate the Property on authority of the unreported decision of *In re Hibbard*, 08–36322, ECF No. 296 (Bankr. S.D. Ohio Aug. 18, 2010) (Humphrey, J.). In *Hibbard*, the ex-spouse of one of the joint debtors held a large domestic support obligation claim (the "DSO Creditor"). The DSO Creditor moved the court to require the Chapter 7 trustee to transfer exempt funds held by the trustee to the DSO Creditor and to do the same for any future exempt funds. In addition, the DSO creditor sought to have any exempt assets "remain in their current state" during the pendency of the Chapter 7. *Id.* at *2. The *Hibbard* decision analyzed § 522(c)(1) and determined, "regardless of any other applicable nonbankruptcy law, a DSO creditor ... can pursue exempt assets." *Id.* at *3. However, the *Hibbard* decision also determined that the trustee could not distribute exempt assets because a chapter 7 trustee, pursuant to 11 U.S.C. §§ 507 and 704 was limited to the distribution of estate assets. Ultimately, despite various favorable changes to the Bankruptcy Code included in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to benefit DSO creditors, the *Hibbard* decision determined that such changes did not authorize chapter 7 trustees to distribute exempt assets to creditors. *See also In re Quezada*, 368 B.R. 44 (Bankr. S.D. Fla. 2007) (chapter 7 trustee could not administer exempt homestead on behalf of a DSO creditor). The United States argues that its unique status as a holder of an un-recorded statutory assessment lien allows it to "pierce" the exemption of the Debtors and be paid from any proceeds of a sale of the homestead by the Trustee. *See* doc. 83 (reply of the United

States). *See also* doc. 87 (memorandum of the Trustee).

The court held a hearing on September 8, 2016. *See* doc. 84 (scheduling order) and doc. 94 (transcript of hearing). Following that hearing, the court ordered post-hearing briefing. (doc. 89). Pursuant to that scheduling order, the United States filed a supplemental brief (doc. 92), the Debtors filed a supplemental brief (doc. 96) and the United States filed a response (doc. 97). The issue being solely one of law, the court took the matter under advisement.[4]

### Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the court has constitutional authority to enter a final decision in this contested matter.

### Analysis

 In addressing exemption questions, it must be remembered that the "principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (citation omitted). Consistent with this policy, the Bankruptcy Code allows a debtor to claim certain property as exempt from creditors' claims. 11 U.S.C. § 522. As an alternative to the federal exemptions contained in § 522(d), the Bankruptcy Code allows a state to "opt out" and use its own state exemptions. Ohio is an "opt-out" state. Ohio Revised Code § 2329.662. Ohio exemption provisions are to be construed liberally in favor of the debtor. *Daugherty v. Cent. Trust Co. of Northeastern Ohio*,

---

4. Factual issues exist about the value of the Property and the unresolved Debtors' objection as to the amount of the United States' claim from the Chapter 13 case. doc. 94 at 4.

*See also* doc. 62 (Debtor's objection to the proof of claim of the United States). However, these issues need not be resolved to address the present exemption issue.

*N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104–05 (Ohio 1986). A party objecting to a claim of exemption "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c).

To begin, the court accepts the general principle espoused in *Hibbard* that a Chapter 7 trustee cannot distribute assets determined exempt on behalf of a DSO creditor based upon the statutory authority in § 522(c). But applying that principle to the question of the Debtors' rights to a homestead exemption against the United States holding a statutory assessment lien is another matter. *Hibbard* involved assets for which exemption rights already had been determined. The *Hibbard* decision found that once exemption rights had been determined, property was removed from the bankruptcy estate and a chapter 7 trustee lacked authority to distribute the asset. As this decision will explain, the United States' rights to collect against any otherwise exempt proceeds of property is allowed by the intersection of § 522(c) of the Bankruptcy Code and, unlike *Hibbard*, the United States' particular rights under federal tax law. *See United States v. Safeco Ins. Co. of Am., Inc.*, 870 F.2d 338, 340 (6th Cir. 1989) ("[S]tate-law interpretations upon the ability of general creditors to reach a taxpayer's property do not affect the attachment of federal tax liens because the state-law consequences flowing from a property interest properly defined under state law are of no concern to the operation of federal tax law.") (internal quotation marks and citation omitted). In *Hibbard*, these types of questions were not at issue because the DSO creditor did not assert any competing rights under state or federal law beyond the singular argument of how § 522(c) was to be interpreted.

Specifically, the United States asserts a statutory assessment lien under 26 U.S.C. § 6321[5] on the Property, although, excepting the small secured claim, it does not have a separate recorded notice of its lien. This broad, statutory lien in § 6321 applies to all of the Debtors' property. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (quoting *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945) ("Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes."); *See Am. Trust v. Am. Cmty. Mut. Ins. Co.*, 142 F.3d 920, 925 (6th Cir. 1998) ("[Section 6321] exempts certain property from a levy but not from a lien, and we decline to alter this allocation.").

The United States recognizes that this unrecorded statutory lien is not valid against the Trustee due to the Trustee's status as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3) and 26 U.S.C. § 6323(a)[6] and therefore, the Trustee is within his statutory authority to sell the Property. *See United States v. Speers*, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965) (holding, under the Bankruptcy Act, that a statutory assessment lien is invalid

---

**5.** Section 6321 States:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

**6.** 26 U.S.C. § 6323(a) states: "The lien imposed by section 6321 shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."

against a trustee unless recorded, due to the trustee's status under § 70c, the predecessor to § 544(a)). However, the strong arm powers do not reach the Debtors' exemption and the United States' right to collect against that exempt property under § 522(c). *In re Duncan*, 406 B.R. 904, 909 (Bankr. D. Mont. 2009) (citing *United States v. Rogers*, 461 U.S. 677, 697, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)) ("[S]tate homestead laws do not protect a debtor from the imposition of a federal tax lien on the debtor's interest.").

Therefore, the statutory lien of the United States would attach to the proceeds of any future sale of the Property by the Trustee. The United States further recognizes that the lien applies to the exempt assets because some or all of these taxes are non-dischargeable.[7] Because this is an unrecorded statutory assessment lien, § 522(c)(2)(B) does not apply. *See* 11 U.S.C. § 522(c)(2)(B) (referring to "a tax lien, notice of which is properly filed"). Compare *United States v. Rogers*, 558 F.Supp.2d 774, 788 (N.D. Ohio 2008) (court noted § 522(c)(2)(B) requires notice of a federal tax lien to be filed to attach to property of the estate exempted by the debtor, but was not addressing the separate exception for non-dischargeable debt under § 522(c)(1)).

▮ The court agrees with the United States that to the extent any portion of its claim is non-dischargeable, the Trustee could sell the Property to pay that portion of the proceeds that the United may attach pursuant to § 522(c)(1) and 26 U.S.C. § 6321. The final distribution of the proceeds of the Property after any sale, including discussions of a possible carve-out for other creditors of this estate is not presently before the court. Moreover, absent a determination otherwise, § 523(a)(1)

is self-executing. *See United States v. Ellsworth (In re Ellsworth )*, 158 B.R. 856 (M.D. Fla. 1993) (discharge injunction did not prevent the I.R.S. from collecting tax debt post-discharge and the failure of the government to file a dischargeability complaint does not affect the debt's dischargeability). Therefore, the case as it presently stands allows the United States to pursue its rights under § 522(c)(1) to reach all the proceeds of the homestead, despite the Debtors' state law homestead exemption. *See In re Clate*, 69 B.R. 506, 510 (Bankr. W.D. Pa. 1987) ("We therefore find that the Debtor remains liable to the IRS for $6,236.67, which sum is non-dischargeable, and that the $5,000.00 [homestead] exemption claimed by the Debtor similarly remains liable to the IRS.").

▮ Nevertheless, the Debtors have asserted, even if *Hibbard* is distinguishable, the Trustee is prohibited from selling the property due to the operation of 26 U.S.C. § 6334(e)(1), which states:

(e) Levy allowed on principal residences and certain business assets in certain circumstances.—

(1) Principal residences.—

(A) Approval required.—A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence.

(B) Jurisdiction.—The district courts of the United States shall have exclusive jurisdiction to approve a levy under subparagraph (A).

Since the United States District Court has not approved a sale of the Property, the Debtors claim this bankruptcy court lacks subject matter jurisdiction pursuant to

---

**7.** The Debtors stated in an earlier filing in this case that they "do not dispute that that are

personally liable for the trust fund taxes. . . ." doc. 50 at 2.

§ 6334(e). However, this court agrees with the United States that § 6334(e) only applies to seizure of a residence by the United States. *Hollar v. Myers (In re Hollar)*, 184 B.R. 243, 250 (Bankr. M.D.N.C. 1995). In this instance, the United States would receive funds from any sale by the Trustee pursuant to the attachment of those assets by virtue of its statutory lien. Section 6334(e) does not prohibit such a sale or attachment. As the United States noted, such a prohibition would effectively eliminate the ability of trustees to sell property subject to a federal tax lien. *See also In re Reeves*, No. 10–02562–8–SWH, 2011 WL 841238, at *3 (Bankr. E.D.N.C. Mar. 8, 2011), *aff'd sub nom. Reeves v. Callaway*, No. 5:11–CV–280–F, 2012 WL 10180780 (E.D.N.C. Aug. 14, 2012), *aff'd* 546 Fed. Appx. 235 (4th Cir. 2013) (26 U.S.C. § 6344(a)(13) restricts the IRS from levy and sale, but not a Chapter 7 trustee). While § 6334 limits the ability of the United States to levy upon exempt property, such exemptions do not affect the statutory lien of the United States.

■■■ As a final argument, the Debtors take the position that the United States, excepting the small secured claim of $5053.50, has filed an unsecured proof of claim and therefore cannot assert a secured status as piercing the homestead exemption for any potential sale because it waived that status. The Debtors cite to *Salyersville Nat'l Bank v. Bailey (In re Bailey)*, 664 F.3d 1026 (6th Cir. 2011) in support of their argument. In *Bailey*, chapter 7 debtors enter into a reaffirmation agreement with their lender that a had a mortgage on real property and a lien on the debtor's truck. The reaffirmation agreement was found unenforceable under state law because the bank had filed an unsecured claim and found to have waived its secured status.

However, the United States did not waive its secured status against the proceeds of any future sale of the Debtors' homestead. Instead, it filed a largely unsecured proof of claim that recognized its unrecorded statutory assessment liens pursuant to § 6321 did not provide the United States secured status against the trustee's rights to the Property (or any other estate property). As explained earlier, this is because, pursuant to I.R.C. § 6433(a), assessment liens granted to the United States by § 6321 are not valid against a purchaser, and pursuant to § 544(a)(3) of the Bankruptcy Code, the Trustee has the status of a hypothetical bona fide purchaser. Nevertheless, although the United States cannot assert a secured claim against the Property itself, it may enforce the assessment lien against the proceeds of such a sale, despite the Debtors' homestead exemption, and despite such proceeds being exempt against other creditors. *Duncan*, 406 B.R. at 909; *In re Pletz*, 225 B.R. 206, 208 (Bankr. D. Or. 1997) ("[A] federal tax lien [pursuant to § 6321] attaches on assessment to all of the property of the taxpayer, even property that is exempt under state and bankruptcy law."); *Bernstein v. Pavich (In re Pavich)*, 191 B.R. 838, 847 (Bankr. E.D. Cal. 1996) (determining exemption laws do not protect property from the enforcement of federal tax liens, citing §§ 522(c)(1) and 522(c)(2)(B)); *Prince v. I.R.S.*, Case No. 09–43627 AFC, 2016 WL 2962669, at *3 (E.D. Tex. May 23, 2016) ("[T]he Texas homestead exemption has no effect on a federal tax lien.").

### Conclusion

For all these reasons, the United States' objection to the Debtors' homestead exemption is sustained.

**IT IS SO ORDERED.**